**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**UNITED STATES OF AMERICA**
   **Plaintiff,**

 v.               **Case No. 11-CR-33**

**JESUS VELEZ**
   **Defendant.**

## ORDER

  Defendant Jesus Velez pleaded guilty to possession with intent to distribute 500 grams or more of cocaine. 21 U.S.C. § 841(a)(1) & (b)(1)(B). At his July 29, 2011, sentencing hearing, I adopted a base offense level of 28 based on a drug weight of 2 to 3.5 kg of cocaine, U.S.S.G. § 2D1.1(c)(6) (2010), then subtracted 3 levels for acceptance of responsibility, U.S.S.G. § 3E1.1, for a final offense level of 25. Coupled with defendant's criminal history category of II, this produced an imprisonment range of 63-78 months. On consideration of the factors under 18 U.S.C. § 3553(a), I imposed a sentence of 60 months, the minimum term required by statute.

  On November 19, 2014, defendant filed a motion for sentence reduction under 18 U.S.C. § 3582(c)(2). That statute permits the court, in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, to reduce the term of imprisonment, after considering the factors set forth in § 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. Defendant relies on Amendment 782, which generally reduced offense levels in drug trafficking cases by

2, and which the Commission designated for retroactive application. U.S.S.G. § 1B1.10(d) (policy statement). Under that Amendment, defendant's base offense level drops to 26. U.S.S.G. § 2D1.1(c)(7) (2014). However, the Amendment does not have the effect of lowering his final guideline range due to the operation of the statutory mandatory minimum. See U.S.S.G. § 1B1.10 cmt. n.1(A) ("[A] a reduction in the defendant's term of imprisonment is not authorized [if] the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)."); see also United States v. Forman, 553 F.3d 585, 588 (7th Cir. 2008) ("Nothing in § 3582(c)(2) permits a court to reduce a sentence below the mandatory minimum."), overruled on other grounds, United States v. Taylor, No. 13-2978, 2015 U.S. App. LEXIS 2195 (7th Cir. Feb. 11, 2015). The government filed no motion under 18 U.S.C. § 3553(e) in this case. See U.S.S.G. § 1B1.10(c).

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 22) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 19th day of February, 2015.

/s Lynn Adelman
LYNN ADELMAN
District Judge